# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | | |
|---|---|---|
| GARY KLOSSING | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 6:17-CV-03064 |
| | ) | |
| BRAD COLE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## REVISED MOTION FOR JUDGMENT ON THE PLEADINGS

COME NOW separate defendants Christian County Missouri, Weter, Bilyeu and Phillips, by and through counsel, and pursuant to Federal Rule of Civil Procedure 12(c) respectfully move the Court to enter judgment in their favor and against plaintiff. Plaintiff's only claim against these defendants is contained within Count 3 of plaintiff's Complaint [purported denial of procedural due process/equal protection for failing to provide written grounds for termination pursuant to §57.275.1 RSMo], and the allegations made by plaintiff in support of Count 3, even if taken as true, as a matter of law do not entitle plaintiff to relief.

In support of said motion, these defendants submit the following arguments and citations.

## FACTS NECESSARY FOR COURT'S DECISION

1.  Plaintiff is a former employee of the Christian County, Missouri Sheriff's Department. [Paragraph 9 of plaintiff's Complaint].

2.  Ray Weter, Hosea Bilyeu, and Ralph Phillips are Christian County Commissioners. [Paragraph 4 of plaintiff's Complaint].

3.  On August 28, 2015, plaintiff was terminated by Sheriff Cole from his position as a corporal deputy sheriff with the Christian County Sheriff's Department [Paragraphs 8, 9, 15 and 16 of plaintiff's Complaint].

Case 6:17-cv-03064-SRB   Document 51   Filed 02/19/18   Page 1 of 6

4.      Plaintiff claims in Count 3 of his Complaint that defendants Christian County, Weter, Bilyeu and Phillips failed to provide plaintiff with written grounds for his dismissal, thereby purportedly denying plaintiff procedural due process/equal protection rights available through §57.275.1 RSMo [Paragraph 41 of plaintiff's Complaint].  That statute alleged by plaintiff provides:

> **57.275. Dismissal of deputies, procedure**. — 1. Any full-time deputy sheriff upon dismissal shall be furnished with a written notice of the grounds for the dismissal.  Upon receipt of the written grounds for the dismissal, the deputy sheriff may request a hearing. The request must be made to the sheriff, in writing, within three working days of receipt of the grounds for dismissal. Such hearing shall take place before the hearing board to be appointed by the sheriff.  The sheriff shall schedule a closed hearing within a reasonable time but within thirty days after the written request was received by the sheriff.  A written report of the facts determined during the hearing shall be forwarded to the sheriff.  The sheriff will review the findings, and has the final decision-making authority. Any law enforcement agency shall be deemed to be in compliance with this section if the agency:
>
>    (1)  Has published and distributed department policies and procedures which include provisions for dismissal of deputy sheriffs or other employees;
>
>    (2)  Provides a deputy sheriff who has been dismissed written notification of the grounds for the dismissal;
>
>    (3)  Allows the officer to request and have a hearing; and
>
>    (4)  Provides the officer with written results of such hearing.
>
>    2. The procedural requirements created pursuant to this section shall not be interpreted as creating any new substantive due process rights.  Nothing in this chapter shall be interpreted as conferring or creating an employment status for deputy sheriffs other than at-will status and nothing in this chapter shall be interpreted as depriving any person of any rights which are conferred as a matter of employment, including postemployment benefits such as workers' compensation and unemployment compensation.

5.      Plaintiff alleges in Count 3 of his Complaint that these defendants' purported failure to provide §57.275-written notice denied plaintiff procedural due process and equal protection in violation of 42 U.S.C. §1983 [Paragraphs 41 and 42 of plaintiff's Complaint].

## LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed the complaint and answer[1]. A defense of failure to state a claim may be raised in a Rule 12(c) motion. *St. Paul Ramsey County Medical Center v. Pennington County*, 857 F.2d 1185, 1187 (8th Cir. 1988). Whether a complaint states a cause of action is a question of law to be determined by the court. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986).

The standard of review for a Rule 12(c) motion is the same standard as a motion to dismiss under Rule 12(b). *See Northern Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). When faced with a Rule 12(b) motion to dismiss or a motion for judgment on the pleadings, the Court should treat all well-plead allegations as true for purposes of the motion. *Albright v. Oliver*, 510 U.S. 266, 267, 114S.Ct. 807, 810, 127 L.Ed.2d 114 (1994); *St. Croix Waterway Assn. v. Meyer*, 178 F.3d 515, 519 (8th Cir. 1999). But regardless of that presumption, the plaintiff is required to plead facts which satisfy each element required for a recovery under some actionable legal theory. *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996).

## ARGUMENTS AND AUTHORITIES

With Count 3 of his Complaint, plaintiff has asserted that defendants Christian County Missouri, Weter, Bilyeu and Phillips should be liable to him under 42 U.S.C. §1983 due to those defendants purportedly failing to provide him with written notice of the grounds for his dismissal, pursuant to §57.275 RSMo. Obviously, §57.275 RSMo is a state statute rather than a federal law or a provision of the federal Constitution. Consequently, the court should enter judgment on the pleadings in favor of defendants Christian County, Missouri, Weter, Bilyeu and Phillips on Count 3 of plaintiff's Complaint, as said count fails to state a claim under 42 U.S.C. §1983 upon which relief can be granted. Specifically, the alleged violation of §57.275 RSMo is not a violation of a right

---

[1] The pleadings closed in this matter on September 29, 2017.

Case 6:17-cv-03064-SRB   Document 51   Filed 02/19/18   Page 3 of 6

expressly secured by the federal Constitution or by federal laws. Consequently, these defendants should be entitled to judgment on the pleadings as they relate to Count 3.

In order to assert a viable claim under 42 USC §1983, the law is clear that plaintiff must allege the violation of a right expressly secured by the United State Constitution or by federal laws. As explained by the 8th Circuit in the case of <u>Kurtz v. City of Shrewsbury</u>, 245 F.3d 753, 758 (2001):

> Section 1983 only provides a remedy for violation of rights expressly secured by federal statutes or the Constitution.

The federal courts have repeatedly recognized that state laws such as §57.275 RSMo do not create duties under the federal constitution, and violations of such state law by themselves are insufficient to impose liability under §1983. For example, in *Waubanascum v. Shawano County*, 416 F.3d 658 (7th Cir. 2005), the plaintiff brought a §1983 action after Shawano County failed to conduct a background check before issuing a foster care license to a foster care provider who later sexually abused the then-15-year old foster child plaintiff. The Wisconsin state laws in effect at the time required Shawano County to perform a background check before issuing such a foster care license. Following the reporting of the plaintiff's sexual abuse, it was discovered that the foster care provider had an unsavory history which would have made him ineligible for a foster care license.

In his complaint, the plaintiff alleged Shawano County was liable under §1983 for violating his due process rights by issuing the foster care license and placing him with the foster care provider without having completed the required background check. Following trial, a jury returned a verdict in favor of the plaintiff and against Shawano County. On appeal, the 7th Circuit vacated the judgment, with directions that judgment be entered in favor of the County. As the primary basis for its decision, the appellate court found that state statutes (such as the involved Wisconsin state

laws which mandated a background check before the issuance of a foster care license) as a matter of law cannot form the basis of a §1983 claim:

> State law does not create duties under the federal constitution, and violations of state law are by themselves insufficient to impose liability under § 1983. *See, e.g., J.H.,* 346 F.3d at 793 (collecting authority). If Shawano County's failure to conduct a separate background check was contrary to state law, such "dereliction of statutory duties should be of concern to . . . the [s]tate of [Wisconsin], [but] do[es] not form the basis of a §1983 claim." *Id.*

416 F.3d at 666.

The 8th Circuit reached the same result in *Scheeler v. City of St. Cloud*, 402 F.3d 826 (8th Cir. 2005). In *Scheeler*, the parents of a young man who died from a gunshot brought a §1983 claim against the city and a number of its officials after the parents were purportedly denied meaningful access to the courts in connection with the death of their son. The district court entered summary judgment in favor of the defendants, and the parents appealed. On appeal, the parents argued summary judgment was improperly entered on their §1983 claim due to there being evidence in the record that the defendants had violated state laws, state regulations and even state court orders in connection with the investigation of their son's death. The 8th Circuit disagreed, finding that alleged state law violations were insufficient to state a claim under 42 U.S.C. §1983:

> As to the Ombudsman's report, "alleged violations of state laws, state-agency regulations, and even state court orders do not by themselves state a claim under 42 U.S.C. § 1983." *Whisman,* 119 F.3d at 1312. Certainly, the Ombudsman's report may have confirmed the Scheelers' view that the police could have handled the investigation more professionally, but it provides no independent basis for a civil rights claim against the defendants.

402 F.3d at 832.

Even if the court takes as true plaintiff's allegation that defendants Christian County, Weter, Bilyeu and Phillips somehow violated §57.275 RSMo [which this court must for the purposes of ruling upon this motion], a purported violation of that state statute as a matter of law is insufficient to state a cause of action under 42 U.S.C. §1983. Simply put, under the law a violation of §57.275

RSMo does not satisfy the necessary legal predicate of a "violation of rights expressly secured by federal statutes or the federal Constitution." Consequently, with Count 3 of plaintiff's Complaint failing to state a cause of action upon which relief can be granted, this court should grant judgment on the pleadings on Count 3 in favor of defendants Christian County, Weter, Bilyeu and Phillips.

WHEREFORE, defendants Christian County, Weter, Bilyeu and Phillips respectfully pray that the court enter judgment on the pleadings in their favor, and for any further relief the court deems just and proper.

_____
/s/ Tim Mudd
Tim Mudd      Mo. #43594
Mudd Law Firm
1600 Baltimore, Suite 200B
Kansas City, Missouri 64108
(816) 541-3045/ timmuddlaw@gmail.com
**ATTORNEY FOR DEFENDANTS CHRISTIAN COUNTY, WETER, BILYEU & PHILLIPS**

I certify that the foregoing was e-filed with the court's ECF system this 19th day of February, 2018, causing copies to be e-mailed to:

| | | |
|---|---|---|
| Matthew Gist | Kevin Graham | Lyle Gregory |
| Brandon Mizner | GRAHAM LAW GROUP, P.C. | GREGORY & ASSOCIATES |
| Remington Smith | 11 East Kansas | 309 S. Washington |
| ENSZ & JESTER, P.C. | Liberty, Missouri 64068 | Raymore, Missouri 64083 |
| 1100 Main Street, Suite 2121 | 816-792-0500/FAX 816-781-6483 | 816-331-8767/FAX 816-331-9967 |
| Kansas City, MO 64105 | kevin@grahamlg.com | kctryit@earthlink.net |
| 816-474-8010/FAX 816-471-7910 | **ATTORNEY FOR PLAINTIFF** | **ATTORNEY FOR PLAINTIFF** |
| bmizner@enszjester.com | | |
| mgist@enszjester.com | | |
| rsmith@enszjester.com | | |
| **ATTORNEYS FOR DEFENDANT COLE** | | |

_____
/s/ Tim Mudd