IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| GARY W. KLOSSING ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:17-CV-03064 |
| ) | |
| BRAD COLE, et al., ) | |
| ) | |
| Defendants. ) | |

## DEFENDANTS' WETER, BILYEU AND PHILLIPS SEPARATE MOTION FOR JUDGMENT ON THE PLEADINGS

COME NOW separate defendants Ray Weter, Hosea Bilyeu and Ralph Phillips, by and through counsel, and pursuant to Federal Rule of Civil Procedure 12(c) respectfully move the Court to enter judgment on the pleadings in their favor and against plaintiff. As the basis for said motion, plaintiff's only claim against these defendants is contained within Count 3 of plaintiff's Complaint, and plaintiff has sued these defendants only in their official capacities as Christian County Commissioners. Having asserted the identical claim against separate defendant Christian County Missouri, plaintiff's claims against defendants Weter, Bilyeu and Phillips are redundant to plaintiff's claim against defendant Christian County, and therefore fail to state a claim against separate defendants Weter, Bilyeu and Phillips. As such, this court should enter judgment on the pleadings in favor of defendants Weter, Bilyeu and Phillips.

In support of said motion, defendants Weter, Bilyeu and Phillips respectfully submit the following arguments and citations.

### FACTS NECESSARY FOR COURT'S DECISION

1. Plaintiff is a former employee of the Christian County, Missouri Sheriff's Department. [Paragraph 8 of plaintiff's Complaint].

2. On August 28, 2015, plaintiff was terminated by Christian County Sheriff Brad Cole from his position as a deputy sheriff with the Christian County Sheriff's Department [Paragraphs 9 and 16 of plaintiff's Complaint].

3. Defendant Christian County Missouri has been included as a named defendant in this action. [Plaintiff's Complaint]

4. Defendants Ray Weter, Hosea Bilyeu, and Ralph Phillips collectively comprise the Christian County Board of County Commissioners. [Paragraph 4 of plaintiff's Complaint].

5. Plaintiff claims in Count 3 of his Complaint that defendants Christian County Missouri, Ray Weter, Hosea Bilyeu and Ralph Phillips are liable to him under 42 U.S.C. 1983 in that these defendants failed to provide plaintiff with written grounds for his dismissal, thereby purportedly denying plaintiff procedural due process/equal protection rights available through §57.275.1 RSMo [Paragraph 41 and 42 of plaintiff's Complaint].

6. Nowhere within his complaint has plaintiff named Ray Weter as a defendant in his individual capacity [Plaintiff's Complaint].

7. Nowhere within his complaint has plaintiff named Hosea Bilyeu as a defendant in his individual capacity [Plaintiff's Complaint].

8. Nowhere within his complaint has plaintiff named Ralph Phillips as a defendant in his individual capacity [Plaintiff's Complaint].

## **LEGAL STANDARD FOR JUDGMENT ON THE PLEADINGS**

Federal Rule of Civil Procedure 12(c) permits a party to move for judgment after the parties have filed the complaint and answer[1]. A defense of failure to state a claim may be raised in a Rule 12(c) motion. *St. Paul Ramsey County Medical Center v. Pennington County*, 857 F.2d 1185, 1187

---

[1] The deadline for adding parties and/or amending the pleadings in this matter expired on September 29, 2017.

(8th Cir. 1988). Whether a complaint states a cause of action is a question of law to be determined by the court. *Morton v. Becker*, 793 F.2d 185, 187 (8th Cir.1986).

The standard of review for a Rule 12(c) motion is the same standard as a motion to dismiss under Rule 12(b). *See Northern Ind. Gun & Outdoor Shows v. City of S. Bend*, 163 F.3d 449, 452 (7th Cir. 1998). When faced with a Rule 12(b) motion to dismiss or a motion for judgment on the pleadings, the Court should treat all well-plead allegations as true for purposes of the motion. *Albright v. Oliver*, 510 U.S. 266, 267, 114S.Ct. 807, 810, 127 L.Ed.2d 114 (1994); *St. Croix Waterway Assn. v. Meyer*, 178 F.3d 515, 519 (8th Cir. 1999). But regardless of that presumption, the plaintiff is required to plead facts which satisfy each element required for a recovery under some actionable legal theory. *Doyle v. Hasbro, Inc.*, 103 F.3d 186, 190 (1st Cir. 1996).

## ARGUMENTS AND AUTHORITIES

By choosing to sue Commissioners Weter, Bilyeu and Phillips only in their official capacity, plaintiff's claims against defendants Weter, Bilyeu and Phillips are redundant to the claim plaintiff has asserted against co-defendant Christian County Missouri. As such, plaintiff's Complaint fails to state a claim against defendants Weter, Bilyeu and Phillips upon which relief can be granted, and this court should enter judgment on the pleadings in favor of defendants Weter, Bilyeu and Phillips.

The 8th Circuit has repeatedly stated the general rule: "If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, we interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College,* 72 F.3d 615, 619 (8th Cir.1995); *see Nix. v. Norman,* 879 F.2d 429, 431 (8th Cir.1989). If the complaint does not specifically name the defendant in his individual capacity, under the law it is presumed he is sued only in his official capacity." *Artis v. Francis Howell N. Band Booster Ass'n, Inc.,* 161 F.3d 1178, 1182 (8th Cir.1998), *Baker v. Chisom,* 501 F.3d 920, 923 (8th Cir.2007), and *Veatch v. Bartels Lutheran Home,* 627 F.3d 1254, 1257 (8th Cir.2010). A suit against a government officer in his official capacity is functionally equivalent to

"another way of pleading an action against an entity of which an officer is an agent." *Baker*, 501 F.3d at 925.

Under the law, "the real party in interest in an official-capacity suit is the governmental entity and not the named official." *Hafer v. Melo*, 502 U.S. 21, 25, 112 S.Ct. 358 (1991). That is because a suit against a government official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989).

In this instance, there is no dispute over the fact that plaintiff has brought suit against defendants Weter, Bilyeu and Phillips only in their official capacity. The trial court has the authority to dismiss redundant §1983 claims brought against governmental officers under these circumstances. *Veatch*, 627 F.3d at 1257. As such, this court should enter judgment on the pleadings in favor of defendants Weter, Bilyeu and Phillips.

WHEREFORE, defendants Ray Weter, Hosea Bilyeu and Ralph Phillips respectfully pray that the court enter judgment on the pleadings in their favor, and for any further relief the court deems just and proper.

          */s/ Tim Mudd*
Tim Mudd     Mo. #43594
Mudd Law Firm
1600 Baltimore, Suite 200B
Kansas City, Missouri 64108
(816) 541-3045/ timmuddlaw@gmail.com
ATTORNEY FOR DEFENDANTS CHRISTIAN COUNTY, WETER, BILYEU & PHILLIPS

I certify that the foregoing was e-filed with the court's ECF system this 20th day of February, 2018, causing copies to be e-mailed to:

| Matthew Gist | Kevin Graham | Lyle Gregory |
|---|---|---|
| ENSZ & JESTER, P.C. | GRAHAM LAW GROUP, P.C. | GREGORY & ASSOCIATES |
| 1100 Main Street, Suite 2121 | 11 East Kansas | 309 S. Washington |
| Kansas City, MO 64105 | Liberty, Missouri 64068 | Raymore, Missouri 64083 |
| 816-474-8010/FAX 816-471-7910 | 816-792-0500/FAX 816-781-6483 | 816-331-8767/FAX 816-331-9967 |
| mgist@enszjester.com | kevin@grahamlg.com | kctryit@earthlink.net |
| ATTORNEYS FOR DEFENDANT COLE | ATTORNEY FOR PLAINTIFF | ATTORNEY FOR PLAINTIFF |

          */s/ Tim Mudd*